Dear Mr. Ratcliff:
This opinion is in response to your question asking as follows:
 "House Bill No. 1052 (VAMS Legislative Service 1978, No. 1) shown as 56.310 sets forth a schedule to be effective on 8-13-78. See page 221 of pamphlet No. 1.
 "House Bill No. 1634 (VAMS Legislative Service 1978, No. 3) shown as 56.310 sets forth a schedule to be effective on 1-2-79. See page 641 of pamphlet No. 3.
 "Recognizing that the schedules are different in the two bills and House Bill 1634 does not appear to repeal House Bill 1052, and recognizing that in pamphlet No. 3, page 641 we are advised that the two versions should be read together [by the Revisor's note] MY QUESTIONS ARE:
1. What law is applicable on 8-13-78?
2. What law is applicable on 1-2-79?"
As you have indicated, Section 56.310, RSMo 1969, was amended both by House Bill 1052 and House Bill 1634 of the Second Regular Session, 79th General Assembly. House Bill 1634 is commonly known as the "Court Revision Bill." House Bill 1052 made amendments only to Section 56.310, RSMo 1969.
The Court Revision Bill made no changes in the fee schedule set out in Section 56.310, RSMo 1969. However, such bill deleted from Section 56.310 the following language:
 ". . . for the conviction of every defendant in the circuit court, upon indictment or information, or before a magistrate court, upon information, when the punishment assessed by the court or jury or magistrate shall be fine or imprisonment in the county jail, or by both such fine and imprisonment, . . ."
And, inserted in lieu thereof the following language:
 ". . . for the conviction of every defendant for violating a state law in the circuit court, upon indictment or information, when the punishment assessed by the court or jury shall be fine or imprisonment in the county jail, or by both such fine and imprisonment, . . ."
House Bill 1052 retained the language of Section 56.310, RSMo 1969, above quoted, which was deleted by House Bill 1634. House Bill 1052 made changes only in the fees allowable to the prosecuting attorney.
As you have noted, House Bill 1052 was effective August 13, 1978, and House Bill 1634 (the court revision bill) is effective, with respect to this particular section, on January 2, 1979. Neither bill contains any provision giving us positive direction as to how such conflicts should be interpreted. The court revision bill contains a special provision with respect to legislative conflicts concerning officers' salaries. However, the fee provisions of Section 56.310 do not affect the prosecuting attorney's salary since such fees are required to be paid into the county treasury. See Sections56.320, 56.330, and 56.340, RSMo.
Obviously House Bill 1052 is presently effective, and the increased fee schedule is in effect. If we were to disregard the increased fee schedule set out in House Bill 1052 on the effective date of House Bill 1634, we would, of course, be reverting to the fee schedule which was provided for in Section 56.310, RSMo 1969. We do not believe this to be the legislative intent.
House Bill 1634 has been designated as the "Court Reform and Revision Act of 1978." See Section 1 thereof. As such, it revises numerous sections in diverse parts of the law to give effect to the amendments to Article V of the Missouri Constitution which are effective January 2, 1979, except as otherwise specifically provided therein. In this respect, we note that Section 1.120, RSMo, provides that:
 "Provisions of any law or statute which is reenacted, amended or revised, so far as they are the same as those of a prior law, shall be construed as a continuation of such law and not as a new enactment."
While, as we stated, the court revision bill does give us some guidance in certain respects as to how conflicts with other statutes enacted at the same session of the legislature will be construed, it is not reasonable to believe that the ordinary rules of construction will not be followed in those areas of conflict not expressly covered by such bill.
In this respect, in addition to the above-quoted provisions from Section 1.120, RSMo, we find some guidance in the provisions of Section 3.065, RSMo, which provide as follows:
 "1. If any section of the revised statutes, supplement or pocket part, or of any act of the general assembly is amended or reenacted by more than one act at the same session of the general assembly, the section may be incorporated in the revised statutes edition, supplement or pocket part as amended or altered by the several acts if the amendments, changes or alterations can be incorporated in the section in such manner as to make the section intelligible. In any such case the revisor of statutes shall insert a note at the end of the section explaining the insertions or omissions accomplished by the various enactments. If the section cannot be made intelligible by incorporation of the amendments the section as enacted by each of the several acts shall be published in full.
 "2. If any section of existing law affected by a revision act is amended, reenacted or repealed by other acts passed at the same regular or extra session of the general assembly, the revision act shall be given effect only to the extent that its provisions do not conflict with the changes made in the existing law by the other acts and, in accordance with this provision, the section shall be shown as repealed or incorporated in the statutes as amended or altered by the several acts passed affecting it. The revisor of statutes, in such cases, shall insert an explanatory note at the end of the section indicating the changes made in its provisions by the several enactments."
Utilizing the above-quoted provisions as a guide for construction with respect to these bills, we believe that the proper effect is given to the legislative intent by reading the two bills together as of January 2, 1979, so that the changes made in the respective bills will be construed as being in effect as of that date. This means then that all of the changes made in the fees allowable to the prosecuting attorney, under the provisions of House Bill 1052, will be in effect not only between the effective date of House Bill 1052 and the effective date of House Bill 1634 but also after the effective date of House Bill 1634. This also means then that the change made by House Bill 1634, above noted, will also be given effect as of January 2, 1979.
We note that the Supreme Court of Illinois in People ex rel Brenzav. Fleetwood, 109 N.E.2d 741 (1952) stated at l.c. 751:
 "The mechanical approach which the objector here urges upon us — a reading of the two amendments to determine literal inconsistency, followed by an automatic enforcement of the one which was adopted last in point of time — has been rejected by this court. Where acts passed at the same session of the legislature contain conflicting provisions, we have held that the whole record of the legislation is open to examination in order to ascertain the legislative intent. And when that intent is ascertained, it is given effect, irrespective of priority of enactment."
Additionally, we note that the Supreme Court of Missouri in the case of State ex rel Karbe v. Bader, 78 S.W.2d 835 (1934) stated at l.c. 839:
 "There was nothing in House Bill No. 44 in the nature of new legislation. Its sole object was to amend section 9952 (the effective law at the time House Bill No. 44 was introduced) in so far as it related to back tax attorneys in counties of a designated population. It seems obvious, and we hold that the nominal re-enactment of section 9952 by House Bill No. 44 was not intended to, nor did it have the effect of impliedly repealing or otherwise disturbing the Jones-Munger Act."
CONCLUSION
It is the opinion of this office with respect to the amendments made to Section 56.310, RSMo 1969, by House Bill No. 1052 and House Bill NO. 1634, both enacted by the 79th General Assembly, Second Regular Session, that the prosecuting attorney fees provided for in House Bill No. 1052 remain in effect after January 2, 1979.
The foregoing opinion which I hereby approve was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General